```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
 MYRON N. CRISDON,                 Civil No. 13-4427 (NLH/KMW)

           Plaintiff,
                                   MEMORANDUM OPINION
      v.                           AND ORDER


 CAMDEN CITY BOARD OF
 EDUCATION,
```

**APPEARANCES:**

Myron N. Crisdon
531 N. Seventh Street
Camden, New Jersey 08102
    *Pro Se Plaintiff*


**HILLMAN, District Judge**

   This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-1] to proceed in forma pauperis ("IFP application") in this action filed on July 22, 2013 and by way of Plaintiff's complaint [Doc. No. 1] and amended complaint [Doc. No. 2] submitted to the Court on July 22, 2013 and July 25, 2013, respectively; and

   The Court recognizing that when a non-prisoner seeks permission to file a civil complaint in forma pauperis under 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA")

requires the person[1] to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security therefor, see 28 U.S.C. § 1915(a); and

The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on July 22, 2013, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he has no money and no

---

[1] Although Section 1915 refers to "prisoners," federal courts apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

assets, accordingly, based on this information, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the amended complaint in this action; and

The Court noting that included with his original complaint, Plaintiff also submitted a motion for summary judgment [Doc. No. 1-3], which the Clerk is directed to file in this matter; and

The Court also noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520

(1972); and

In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed.R.Civ.P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing

4

Iqbal, 129 S. Ct. at 1949); and

The Court further noting that a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; and

Plaintiff having brought his claim pursuant to 42 U.S.C. § 1983 and having alleged in his complaint that the named defendant, the Camden City Board of Education, purportedly failed to issue him a high school diploma in violation of his rights under the Fourteenth Amendment to the Constitution even after he met the New Jersey high school graduation requirements which resulted in, *inter alia*, Plaintiff's loss of income, loss of employment opportunities, loss of professional reputation, and prevented Plaintiff from pursuing his dream of being accepted into college and becoming a professional basketball player in the NBA;[2] but

---

[2] The Court notes that Plaintiff previously brought a separate civil action against the New Jersey Department of Education ("NJDOE") alleging virtually identical facts and circumstances regarding the NJDOE's purported failure to issue Plaintiff his high school diploma in violation of his Fourteenth Amendment rights despite the fact that Plaintiff allegedly met all of the high school graduation requirements. See Crisdon v.

5

The Court finding that, even construed liberally, neither Plaintiff's complaint, nor the amended complaint allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief. Rather, Plaintiff's pleadings simply allege - in a conclusory fashion - that Plaintiff is entitled to relief based on the purported failure of Defendant to issue Plaintiff a high school diploma; and

The Court noting that the Twombly/Iqbal standard requires Plaintiff to do more than simply allege his entitlement to relief in this conclusory manner; and

The Court further noting that Plaintiff fails to allege with any specificity, for example, what the requirements[3] for

---

NJ Department of Education, Civil Action No. 1:10-cv-2911-NLH-AMD (hereinafter, "Crisdon I").
   The Court previously dismissed Plaintiff's complaint in Crisdon I with prejudice after finding that the NJDOE was immune from suit under the Eleventh Amendment. (See Mem. Op. & Order [Doc. No. 20] 2-4, Apr. 13, 2011). The Third Circuit Court of Appeals affirmed this Court's subsequent rulings in Crisdon I by opinion dated March 1, 2012. (See U.S.C.A. Op. [Doc. No. 31-1] 1-4, Mar. 1, 2012).

[3]   Plaintiff's motion for summary judgment [Doc. No. 1-3], the brief in support of summary judgment [Doc. No. 1-4], and the case brief in support of Plaintiff's amended complaint [Doc. No. 2], make clear that Plaintiff is relying on New Jersey Administrative Code § 6A:8-5.1 et seq. regarding implementation of graduation requirements in New Jersey to form the basis for his claims.
   Section 6A:8-5.1(a)(1) provides in pertinent part that: "[d]istrict boards of education shall develop, adopt, and

issuance of a high school are and how Plaintiff, in fact, complied with those requirements prior to Defendant's purported failure to issue his diploma.

Accordingly,

IT IS on this ⎯⎯11th⎯⎯ day of ⎯⎯October⎯⎯, 2013, hereby

**ORDERED** that Plaintiff's IFP Application [Doc. No. 1-1] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to file Plaintiff's amended complaint [Doc. No. 2] in this action; and it is further

**ORDERED** that the Clerk is also directed to file Plaintiff's motion for summary judgment [Doc. No. 1-3]; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

---

implement local graduation requirements, for a State-endorsed diploma, that prepare students for success in post-secondary degree programs, careers, and civic life ... that include the following: Participation in a local program of study of not fewer than 120 credits in courses designed to meet all of the Core Curriculum Content Standards ...." N.J. ADMIN. CODE § 6A:8-5.1(a)(1) (2013)

    Attached to Plaintiff's original complaint as part of the case brief in support [Doc. No. 1-5], Plaintiff included a copy of his high school transcript, which, on its face, appears to indicate that Plaintiff earned only 115 credits. It thus appears, that Plaintiff's contention that he satisfied all of the graduation requirements and is therefore entitled to a high school diploma, may not be plausible. However, the Court will permit Plaintiff with an opportunity to amend his complaint to allege such facts, if they exist.

7

**ORDERED** that Plaintiff's motion [Doc. No. 1-3] for summary judgment is **DENIED AS MOOT** in light of the dismissal of his complaint; and it is further

**ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **thirty (30)** days of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |