UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MYRON N. CRISDON,

        Plaintiff,             Civil No. 13-4427 (NLH/KMW)

v.

CAMDEN CITY BOARD OF EDUCATION,    **MEMORANDUM OPINION AND ORDER**

        Defendant.
_____

**APPEARANCES:**

Myron N. Crisdon
531 N. 7th Street
Camden, New Jersey 08102

    Plaintiff Pro Se

**HILLMAN, District Judge:**

    This matter having come before the Court by way of amended complaint [Doc. No. 6] of Plaintiff pro se, Myron N. Crisdon, and Plaintiff proceeding in the matter in forma pauperis; and the Court therefore having screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); and

    IT APPEARING AS FOLLOWS:

    1.    Plaintiff filed a complaint and simultaneously filed a "petition for summary judgment" alleging that Defendant, the Camden City Board of Education, failed to issue him a high school diploma in violation of his rights under the Fourteenth

Amendment to the Constitution, even though he purportedly met the New Jersey high school graduation requirements. This failure to issue a high school diploma purportedly resulted in loss of income, loss of employment opportunities, loss of professional reputation, and Plaintiff was allegedly prevented from pursuing his dream of being accepted into college and becoming a professional basketball player.

    2. Three days after filing the original complaint, Plaintiff filed an amended complaint.

    3. The Court screened the complaint and the amended complaint and concluded that these pleadings alleged in a conclusory fashion that Plaintiff is entitled to relief based on the purported failure of Defendant to issue Plaintiff a high school diploma. Accordingly, the amended complaint was dismissed without prejudice and Plaintiff was granted leave to file another amended complaint.

    4. Plaintiff filed an amended complaint, which the Court now screens for sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

    5. The standard for dismissing a complaint for failure to state a claim under Section 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

6. In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

7. "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

3

8.   A court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).  A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).

9.   In this case, Plaintiff's amended complaint [Doc. No. 6] fails to allege with any specificity the facts that support his claim.  The amended complaint fails to set forth, for example, the dates he attended high school, the date on which he was denied a high school education, or the number of high school credits that he received.

10.  The need to meet the pleading requirements of Rule 8 is particularly important because the Court in conducting its review under 28 U.S.C. § 1915 may dismiss a time-barred complaint sua sponte, see, e.g., Paluch v. Sec. Pa. Dept. of Corrections, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations . . . is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.").  It

appears that any claim Plaintiff may be asserting in this case is beyond the applicable statute of limitations.

11. Specifically, Plaintiff seeks to bring a claim pursuant to 42 U.S.C. § 1983. Section 1983 claims have a two-year statute of limitations. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010).

12. Plaintiff attached to his original complaint in this matter a copy of his high school transcript [Doc. No. 1-5] indicating that he attended high school from 2003 through 2007.

13. Based on this document, it appears that Plaintiff was denied a high school diploma in or about 2007, and his Section 1983 claim therefore would have accrued in that year.[1] Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when

---

[1] According to Plaintiff's transcript, his date of birth was April 30, 1989, and Plaintiff therefore turned eighteen on April 30, 2007. "Where the person injured was a minor at the time of the injury, the statute of limitations is tolled and does not begin to run until the plaintiff turns 18 years old." McGill v. John Does A-Z, 541 F. App'x 225, 227 (3d Cir. 2013) (citing N.J. Stat. Ann. § 2A:14-21; N.J. Stat. Ann. § 9:17B-1). It is likely that Plaintiff was denied a high school transcript in May or June 2007 and would have already turned eighteen years old at the time, so there would have been no tolling of the statute of limitations. Even assuming Plaintiff was not eighteen at the time he was denied a high school transcript, the two-year statute of limitations would have started to run when he turned eighteen on April 30, 2007. Under either scenario, Plaintiff's filing of the complaint in this matter on July 22, 2013 was well-beyond the statute of limitations period.

the plaintiff knew or should have known of the injury upon which its action is based.").

14. Furthermore, the Court notes that Plaintiff filed on June 8, 2010 a claim alleging virtually identical facts and circumstances concerning the failure to issue Plaintiff his high school diploma. Crisdon v. New Jersey Dept. of Educ., Civil Action No. 1:10-cv-2911-NLH-AMD. Because Plaintiff filed that suit against the New Jersey Board of Education, the suit was dismissed on Eleventh Amendment immunity grounds.

15. It is clear that Plaintiff knew of the injury upon which his action was based by no later than June 8, 2010, when he filed his claim alleging the same facts against the New Jersey Department of Education. The statute of limitations on Plaintiff's Section 1983 claim would therefore would have expired by June 8, 2012 at the latest.

16. Plaintiff did not file the complaint in this case until July 22, 2013.

17. It does not appear that there are any factual circumstances that would have tolled the two-year statute of limitations,[2] and consequently allowing further amendments to the complaint would likely be futile.

---

[2] The statute of limitations for a Section 1983 claim may be subject to equitable tolling where a plaintiff has been prevented from asserting his claim as a result of extraordinary circumstances. Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir.

6

18.  Nonetheless, because Plaintiff is proceeding pro se the Court will provide Plaintiff one final opportunity to state his claim in this case.  Plaintiff may file an amended complaint if -- and only if -- he is able to demonstrate a basis for equitably tolling the statute of limitations.  In other words, Plaintiff must demonstrate that extraordinary circumstances prevented him from filing this action within the statute of limitations period.

ACCORDINGLY, for the reasons set forth above and for good cause shown,

IT IS on this  25th  day of  February , 2015,

ORDERED that Plaintiff's amended complaint [Doc. No. 6] shall be, and the same hereby is, DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff may file an amended complaint within thirty (30) days of the date of this Order.  Plaintiff must demonstrate in any such filing a basis for tolling the statute of limitations, or the Court will find such claims time-barred.  Plaintiff must also include sufficient factual detail upon which his claims are based.

                                  s/ Noel L. Hillman  
                                NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

2000).  "Equitable tolling stops the statute of limitations from running when the date on which the claim accrued has already passed."  Id. at 370.