UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MYRON N. CRISDON,

              Plaintiff,        Civil No. 13-4427 (NLH/KMW)

v.

CAMDEN CITY BOARD OF EDUCATION,

              Defendant.
_____

MYRON N. CRISDON,

              Plaintiff,       Civil No. 15-2119 (NLH/KMW)

v.
                                      **MEMORANDUM OPINION**

CAMDEN CITY BOARD OF EDUCATION,

              Defendant.
_____

**APPEARANCES:**

Myron N. Crisdon
531 N. 7th Street
Camden, New Jersey 08102

    Plaintiff Pro Se

**HILLMAN, District Judge:**

    This matter previously came before the Court by way of amended complaint [Doc. No. 6 in 13-4427] of Plaintiff pro se, Myron N. Crisdon. The Court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in the matter in forma pauperis. The Court dismissed

1

the amended complaint by Memorandum Opinion and Order dated February 25, 2015 and granted Plaintiff leave to file another amended complaint. Plaintiff has now submitted another complaint, which was filed as a new civil action, Civil Action No. 15-2119-NLH-KMW. The Court has reviewed the newly submitted complaint and finds as follows:

    1.    Plaintiff initially filed in Civil Action No. 13-4427-NLH-KMW a complaint and a "petition for summary judgment" alleging that Defendant, the Camden City Board of Education, failed to issue him a high school diploma in violation of his rights under the Fourteenth Amendment to the Constitution, even though he purportedly met the New Jersey high school graduation requirements. This failure to issue a high school diploma purportedly resulted in loss of income, loss of employment opportunities, loss of professional reputation, and Plaintiff was allegedly prevented from pursuing his dream of being accepted into college and becoming a professional basketball player.

    2.    Three days after filing the original complaint, Plaintiff filed an amended complaint.

    3.    The Court screened the complaint and the amended complaint and concluded that these pleadings alleged in conclusory fashion that Plaintiff is entitled to relief based on the purported failure of Defendant to issue Plaintiff a high

school diploma.  Accordingly, the amended complaint was dismissed without prejudice and Plaintiff was granted leave to file another amended complaint.

4.    Plaintiff filed an amended complaint, which the Court screened for sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

5.    The Court concluded that Plaintiff's amended complaint [Doc. No. 6 in 13-4427] failed to allege with any specificity the facts that support his claim.  The amended complaint failed to set forth, for example, the dates Plaintiff attended high school, the date on which he was denied a high school diploma, or the number of high school credits that he received.  (Mem. Op. and Order [Doc. No. 7 in 13-4427] at 4, Feb. 25, 2015.)

6.    In addition, the Court noted that any claim Plaintiff may be asserting in this case is likely beyond the two-year statute of limitations period for claims asserted pursuant to 42 U.S.C. § 1983.  (Id. at 5-6.)

7.    In this regard, Plaintiff's high school transcript, which was attached to his original complaint [Doc. No. 1-5 in 13-4427], indicated that he attended high school from 2003 through 2007.  Based on this document, it appears that Plaintiff was denied a high school diploma in or about 2007, and his Section 1983 claim therefore would have accrued in that year. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142

3

F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."). (Mem. Op. and Order at 5.)

8.  Furthermore, the Court noted that Plaintiff filed on June 8, 2010 a claim alleging virtually identical facts and circumstances concerning the failure to issue Plaintiff his high school diploma. Crisdon v. New Jersey Dept. of Educ., Civil Action No. 1:10-cv-2911-NLH-AMD. It is therefore apparent that Plaintiff knew of the injury upon which his action was based by no later than June 8, 2010. The statute of limitations on Plaintiff's Section 1983 claim consequently would have expired by June 8, 2012 at the latest. (Mem. Op. and Order at 6.)

9.  Plaintiff did not file the complaint in this case until July 22, 2013.

10.  It did not appear to the Court that there are any factual circumstances that would have tolled the two-year statute of limitations, and accordingly the Court noted that allowing further amendments to the complaint would likely be futile. (Id.)

11.  Nonetheless, because Plaintiff is proceeding pro se, the Court provided Plaintiff one final opportunity to state his claim in this case. (Id. at 7.) The Court directed Plaintiff to file an amended complaint if he is able to demonstrate a

4

basis for equitably tolling the statute of limitations.  (Id.) The Court specifically noted that Plaintiff must demonstrate that extraordinary circumstances prevented him from filing this action within the statute of limitations period.  (Id.)  The Court also noted that Plaintiff must include sufficient factual detail upon which his claims are based.  (Id.)

    12.  On March 24, 2015, Plaintiff submitted to the Court another complaint.  The pleading did not contain the docket number of the pending action, Civil Action No. 13-4427-NLH-KMW, nor was it labeled an "amended complaint," and the complaint was thus treated as a new matter with a new docket number, Civil Action No. 15-2119-NLH-KMW.  However, Plaintiff did not file an application to proceed in forma pauperis with the newly-submitted complaint, nor did he pay a filing fee.  The complaint is against the same defendant as the defendant in Civil Action No 13-4427-NLH-KMW and concerns the same allegations.  It appears that this newly-submitted complaint was Plaintiff's attempt to file an amended complaint in accordance with the February 25, 2015 Memorandum Opinion and Order in the earlier-filed action.

    13.  The newly-submitted complaint does not comply with the directives set forth in the February 25, 2015 Memorandum Opinion and Order.

14. Specifically, Plaintiff did not attempt to demonstrate that extraordinary circumstances prevented him from filing the action within the statute of limitations period.

15. Plaintiff also failed to include sufficient factual detail upon which his claims are based. In the February 25, 2015 Memorandum Opinion and Order, the Court expressly gave examples of facts to be included, such as the dates Plaintiff attended high school, the date on which he was denied a high school diploma, or the number of high school credits that he received. (Mem. Op. and Order at 4.) In the new pleading, Plaintiff did not set forth any of these facts, and he again merely alleges in conclusory fashion that he met the requirements for a high school diploma but was denied a diploma by the Camden City Board of Education. These allegations do not raise a right to relief above the speculative level. See Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 & n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.] . . . Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing . . . 'grounds' on which the claim rests.").

16. As Plaintiff has had numerous opportunities to correct the pleading deficiencies yet has failed to do so, and Plaintiff has not demonstrated that his claims would not be time-barred in

6

any event, the Court finds at this time that further amendments would be futile.

17.  Accordingly, the Court will dismiss Plaintiff's amended complaint [Doc. No. 6] in Civil Action No. 13-4427-NLH-KMW with prejudice, and will also dismiss the complaint [Doc. No. 1] filed in the new matter, Civil Action No. 15-2119-NLH-KMW, with prejudice.  An Order accompanying this Memorandum Opinion will be entered.


                                        s/ Noel L. Hillman
Dated: March 30, 2015                   NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey